CONSTRUCTORA DEL OESTE, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, FAUSTO RAMOS QUIRÓS, JUDGE, Respondent.

No. O-68-315.    Decided February 21, 1969.

*Enrique Alcaraz Casablanca* for petitioner.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

### JUDGMENT

On May 18, 1966 the San Juan Part of the Superior Court. rendered judgment dismissing the case for failure of plaintiff and its counsel to appear at the hearing. This judgment was notified to the parties on May 20, 1966. The 27th of the same month plaintiff's counsel filed a motion requesting the reopening of the judgment, relief from the judgment, and to set the case for hearing. He explained that his failure to appear at the hearing was due to a sudden illness. With said motion the attorney enclosed a sworn statement given by his secretary establishing the steps taken by her with the counsel of the

opposite party and with the court to inform them of his sudden illness. No determination was made with respect to the petition for relieving plaintiff from judgment and for the setting of a new hearing.

On March 17, 1967, plaintiff requested that its motion to reopen the judgment be set for hearing. No determination was made. On November 15, 1967, there was a third motion for setting a hearing. No determination was made. On August 13, 1968, the plaintiff requested the hearing of the case on the merits in the shortest possible time. No determination was made.

Thereafter the defendant appeared and alleged that the judgment of May 18, 1966, was final and unappealable, because he believed that the motion for reopening of May 27 of said year had the nature of a motion for reconsideration of judgment. On October 9, 1968 the court considered the last motion for setting the hearing and denied it stating that it involved a case decided in 1966 "with a final, and unappealable judgment."

On October 11, 1968 the plaintiff requested again that the motion for reopening the judgment of May 27, 1966 be granted, and that the hearing of the case be set. This motion was denied without a hearing on November 15, 1968. The plaintiff requested this Court to review the foregoing judicial proceedings.

On December 19, 1968, we entered an order granting the Superior Court and the opposite party a term to show cause why the writ of certiorari should not be issued, and the orders of denial of October 9 and November 15, 1968, set aside, and to order the respondent court to set the hearing and to hear the parties in relation to the motion of May 27, 1966, requesting the reopening of the judgment, and the relief from judgment. The parties in question have not appeared to show any cause.

Apparently the court believed as did defendant that the motion of May 27, 1966 was a motion for reconsideration, when it ruled that the judgment was final and unappealable. The motion of May 27 was not a typical motion for reconsideration. It was a motion to reopen the judgment and to relieve a party from the effects of the judgment, which required proof in support thereof, irrespective of the merits of the case. The court should have made a determination as to this motion in one sense or the other after hearing the moving party.

The writ of certiorari requested is issued, the orders of October 9, and November 15, 1968 are set aside, and the case is remanded in order to set a hearing for the motion to reopen the judgment filed by plaintiff and to rule about said motion as it may be proper.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) JOAQUÍN BERRÍOS
*Clerk*